[Cite as *In re T.B.W.*, 2011-Ohio-5806.]

OURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| IN RE: T. B. W. | JUDGES:<br>Hon. W. Scott Gwin, P.J.<br>Hon. Sheila G. Farmer, J.<br>Hon. Patricia A. Delaney, J.<br><br>Case No. 2011CA00150<br><br>O P I N I O N |
| CHARACTER OF PROCEEDING: | Appeal from the Court of Common Pleas, Juvenile Division, Case No. 2011JCR01209 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT: | November 7, 2011 |

APPEARANCES:

For Plaintiff-Appellee

JOHN D. FERRERO
Stark County Prosecutor

By: RENEE WATSON
110 Central Plaza South
Suite 510
Canton, OH  44702

For Defendant-Appellant

JOHN A. DANKOVICH
200 West Tuscarawas Street
Suite 200
Canton, OH  44702

*Farmer, J.*

{¶ 1}   On May 13, 2011, appellant, T. B. W., was charged with delinquency by reason of conveying or possessing a weapon on school property in violation of R.C. 2923.122, having a weapon while under disability in violation of R.C. 2912.13, and carrying a concealed weapon in violation of R.C. 2923.13.   Said charges arose from an incident wherein appellant took a loaded firearm to his high school.

{¶ 2}   On May 19, 2011, appellant filed a motion to suppress, claiming a violation of his *Miranda* rights.   A hearing before a magistrate was held on May 27, 2011.   By order filed June 1, 2011, the magistrate denied the motion.   Appellant filed objections. A hearing was held on June 9, 2011.   By judgment entry filed June 14, 2011, the trial court overruled the objections.

{¶ 3}   On June 13, 2011, appellant pled no contest to the charges except for the carrying a concealed weapon charge which was dismissed.   By judgment entry filed June 14, 2011, the trial court found appellant delinquent and sentenced him to the Department of Youth Services for an indefinite commitment with a minimum of six months.

{¶ 4}   Appellant filed an appeal and this matter is now before this court for consideration.   Assignments of error are as follows:

I

{¶ 5}   "THE TRIAL COURT ERRED IN FAILING TO SUPRESS (SIC) THE EVIDENCE OBTAINED IN VIOLATION OF THE RIGHTS GUARANTEED BY THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS OF THE UNITED STATES

CONSTITUTION, AND ARTICLE I, SECTIONS 10 AND 16 OF THE CONSTITUTION OF THE STATE OF OHIO AS WELL AS *MIRANDA V. ARIZONA*."

II

{¶ 6}  "THE TRIAL COURT ERRED IN FAILING TO SUPRESS (SIC) THE EVIDENCE OBTAINED AS A RESULT OF AN INVOLUNTARY CONFESSION."

I, II

{¶ 7}   Appellant claims the trial court erred in denying his motion to suppress as his admission was not voluntary, and he was in custody at the time and entitled to *Miranda* warnings before questioning.  We disagree.

{¶ 8}   There are three methods of challenging on appeal a trial court's ruling on a motion to suppress.  First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence.  *State v. Fanning* (1982), 1 Ohio St.3d 19; *State v. Klein* (1991), 73 Ohio App.3d 485; *State v. Guysinger* (1993), 86 Ohio App.3d 592.  Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact.  In that case, an appellate court can reverse the trial court for committing an error of law.  *State v. Williams* (1993), 86 Ohio App.3d 37.  Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress.  When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case.

*State v. Curry* (1994), 95 Ohio App.3d 93; *State v. Claytor* (1993), 85 Ohio App.3d 623; *Guysinger.* As the United States Supreme Court held in *Ornelas v. U.S.* (1996), 116 S.Ct. 1657, 1663, "…as a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal."

{¶ 9} In her order filed June 1, 2011, the magistrate correctly summarized the facts as follows:

{¶ 10} "Testimony from Sandra Klein counselor at Timken High School: on 5/12/2011 immediately after bell rang she saw def and another juvenile (Kip) exchange handshake and saw an item be placed in def's hand; hand was placed in hoodie pocket; def proceeded as to exit the building; Ms Klein reported incident to principal.

{¶ 11} "Testimony from Chris Stone, principal Timken High School, upon receipt of above report approached def who told him to 'get off him' and tried to walk away; witness grabbed his arm and told him to stop; def refused to stop and continued to walk; witness continued to hold arm and walk with him past a congested area of students (distance of about 30 yards) outside the building but still on school property; def continued to keep his hand in pocket; Officer Ondo came and put def in cruiser; Timken High School considered 'inner city high school' with concerns of drugs and weapons and all school personnel concerned about possible safety issues.

{¶ 12} "Kim Fete, Assistant Principal at Timken High School; ID of def. At dismissal 5/12/2011 she was outside building; apparent there was commotion and she walked over and saw def outside cruiser. Then def was asked to sit inside cruiser and Ms. Fete spoke to him from outside of car; asked him what was going on. He said 'I can't stay out of trouble'. She asked if he had marijuana he said 'it was worse' then

asked if cocaine and he said 'it was worse' then asked if knife and he said 'it was worse.' She testified that she then knew what it was and asked him to hand it over. At that time he handed over the gun to Officer Ondo.

{¶ 13} "Officer Michael Ondo: Canton City police officer assigned to Timken High School as Resource Officer: testimony that on 5/12/2011 called by Principal Stone to come to north side of school. Approached in cruiser and saw principal with def and def continuing to walk away from principal. Told def to sit in cruiser so that they could 'sort it out.' At that time Assistant Principal Fete approached car to speak to def. Then Ms. Fete mouthed 'he has a gun' and Officer Ondo approached, asked him if he had a gun which he said he did and handed it over. Def remained in cruiser but was not handcuffed. Officer Taylor and Gill arrested def. Testimony def's dob 11/14/95; gun was on school property which was located in city of Canton, county of Stark, Ohio."

{¶ 14} In its judgment entry filed June 14, 2011, the trial court concluded the following:

{¶ 15} "While the court believes [T] was in custody, the questioning came from school personnel, not law enforcement, and therefore Miranda warnings were not required. Court finds the confession to having the gun was voluntary. [T's] answers to Ms. Fete's questions actually invited further questioning. Facts and circumstances show Ms. Fete was acting on her own and not as an agent of the police.

{¶ 16} "The Court, having made an independent analysis of the issues and law, approves and adopts the Magistrates Decision of June 1."

{¶ 17} We concur with the trial court's conclusion that appellant was in custody. It is clear that Officer Ondo placed appellant in the cruiser until "we could sort out what

was going on because at that time I had no idea what the problem was." May 27, 2011 T. at 15. The rear doors of the cruiser were equipped with child guard locks that prohibit backseat passengers from exiting. Id. at 18. Despite the fact that Officer Ondo did not place appellant under arrest until he surrendered the firearm, for purposes of *Miranda* warnings, appellant was in custody.

{¶ 18} The gravamen of this case is whether given the circumstances, appellant's admission to Assistant Principal Fete was voluntary.

{¶ 19} There is no doubt if Officer Ondo had questioned appellant, the admission or surrender of the firearm would not have been voluntary. However, that is not the case sub judice. Ms. Fete approached appellant independent of any knowledge of what had transpired between Principal Stone, Officer Ondo, and appellant. Ms. Fete spoke to appellant independently of any police action, and appellant voluntarily answered her questions. Id. at 11-12.

{¶ 20} As in the case of *City of Columbus v. Gibson* (1992), Franklin App. No. 92AP-570, Ms. Fete was not a law enforcement officer, as she "neither had the authority to enforce the laws of Ohio nor the power to arrest." As an assistant principal, Ms. Fete was not an agent of the police and had no statutory duty to report to the police except as required by R.C. 2151.421(A). There was no causal link between Officer Ondo's actions and appellant's admission to Ms. Fete. "The most outrageous behavior by a private party seeking to secure evidence against a defendant does not make that evidence inadmissible under the Due Process Clause." *Colorado v. Connelly* (1986), 479 U.S. 157, 166. In *In re K.K.,* Fairfield App. No. 10-CA-30, 2011-Ohio-192, and *In re*

*Andrew Carson,* Stark App. No. 2007CA00070, 2007-Ohio-5687, we addressed parallel issues of what constitutes state action vis-à-vis school administrators.

{¶ 21} Based upon the facts in this case, we find Ms. Fete's questioning of appellant did not constitute state action. Therefore, appellant's admission to Ms. Fete was voluntary and the subsequent surrender of the firearm was also voluntary.

{¶ 22} Upon review, we find the trial court did not err in denying appellant's motion to suppress.

{¶ 23} Assignments of Error I and II are denied.

{¶ 24} The judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Delaney, J. concur.

s/ Sheila G. Farmer_____

s/ W. Scott Gwin_____

s/ Patricia A. Delaney_____ _____

JUDGES

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

IN RE: T. B. W.                              :
                                             :
                                             :
                                             :        JUDGMENT ENTRY
                                             :
                                             :
                                             :        CASE NO. 2011CA00150


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division is affirmed.  Costs to appellant.


s/ Sheila G. Farmer_____


s/ W. Scott Gwin_____


s/ Patricia A. Delaney____ _____

JUDGES